Greer Dave D #1829254
Wayne Scott Unit
6 999 Retrieve Road
Angleton Tx 77515

October 29 2015

41,804-02

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 05 2015

#Abel Acosta, Clerk

Mr. Abel Acosta, Clerk
Supreme Court Bldg
201 W. 14th St Rm. 106
Austin Tx 78701-1445

RE: Ex Parte Dave D Greer, Writ #72-0552-14-CRF-272-A

Mr. Acosta,

Please find Enclosed For Filing In This Cause My Motion Entitled: "Applicant's Motion to Strike And Objections to Attorney Mary Hennessy's Affidavit And Third Request For An Evidentiary Hearing To Develope Facts That Are Currently Outside The Record That Applicant Needs To Support The Allegations Against Hennessy In His 11.07."

Please File This Motion In The Above And Numbered Cause. Thank You For Your Assistance In These Matters.

Respectfully Submitted

Dave D Greer

WRIT NO. 12-03324-CRF-272-A

EX PARTE            §     IN THE CRIMINAL DISTRICT

                                 §     272nd JUDICIAL DISTRICT

DAVE D. GREER          §     BRAZOS COUNTY, TEXAS

**APPLICANT'S MOTION TO STRIKE AND OBJECTIONS TO ATTORNEY MARY HENNESSY'S**

**AFFIDAVIT AND THIRD REQUEST FOR AN EVIDENTIARY HEARING TO DEVELOP FACTS**

**THAT ARE CURRENTLY OUTSIDE THE RECORD THAT APPLICANT NEEDS TO SUPPORT**

**THE ALLEGATIONS AGAINST HENNESSY IN HIS 11.07**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DAVE DUANE GREER, Applicant herein and in support of this motion will show this Honorable Court the following:

I.

On July 6, 2015 the Honorable Judge Kyle Hawthorn issued an order designating issues to be resolved. Attorney Hennessy was required to prepare a notarized affidavit stating why she failed to file a affidavit in support of her motion for new trial. Why she failed to bring forth issues specifically requested by Applicant as grounds for motion for new trial; that trial counsel was ineffective for not allowing Applicant to view videos pretrial and that the leather jacket would not fit Applicant. Hennessy submitted her affidavit on 10-2-15.

Applicant would like to first and foremost have this Honorable Court to take judicial notice of the many years of experience said attorney has and her being up front with her expert ability of personally filing over 100 briefs. Therefore, Attorney Hennessy is a well seasoned veteran appellate attorney.

In Applicant's extreme efforts to insure that Attorney Hennessy was well informed of just exactly what allegations she needed to respond to in

1

Applicant's writ of habeas corpus. Applicant personally ensured she was provided with a copy of the fifty page memorandum of law (MOL), with attached Ex.'s A-N. Also a copy of Applicant's objections to the court order an supplemental request for an evidentiary hearing, within the certificate of service on this motion Applicant stated that he was providing Hennessy with a copy of the MOL and a copy of his supplemental request for an evidentiary hearing. Therefore, in all fairness Hennessy had the ability to fully respond to all the allegations against her in Applicant's 11.07. For sure Hennessy had within reach all allegations she needed to respond to and the legal reasons she needed to respond to them and more importantly her obligation and duty as an officer of the court and as a previous attorney for Applicant to ensure that he be provided his due process right to fully develop the factual basis on the record in support of his claims against her. Therefore, any acts of this attorney not fully complying with this Honorable court's order can only be considered willful.

First Attorney Hennessy fraudulently and falsely stated that in the third sentence of this affidavit that: " I am making this affidavit pursuant to the order of the Judge of the 272nd District Court, the Honorable Travis B. Bryan III." The order was unambiguously issued by the Honorable Kyle Hawthorn. This false statement right off the bat can be verified by simply examining the signature of the Judge signing the order.

Because this affidavit contains false and fraudulent information it must be stricken from the record. Texas has long held that fraud vitiates whatever it touches.

> "...Under Texas law once a party establishes that a document includes false or fraudulent matters, the entire document is fraud and therefore, a legal nulity. See Cox v. Upjohn Co., 913 S.W.2d 225, 231 (Tex. Ap. Dallas 1995)(Texas courts have long held that 'fraud vitiates whatever it touches.' Estate of Stonecipher v. Estate of Butts, 591 S.W.2d 806, 809 (Tex. 1979); Morris v. House, 32 Tex. 492, 495 (1870)."

Next Hennessy conveniently stated she only reviewed the following: "In

2

preparing this affidavit, I have reviewed the following: the application, my file and the reporter's record for this case." Applicant at his own expense provide her a copy of the MOL and his supplemental request for a live evidentiary hearing which fully expounded on the things he needed this attorney to respond to in order that he was allowed to fully develop the factual bases for his claims again Hennesay.

Hennesay failed to obey Judge Hawthorn's order that she explain why she failed to filed an affidavit in support of the motion for new trial. Her failure to do so has hindered the administration of justice. She has impeded the very purpose of issuing said order. This only validates Applicant's request for a live evidentiary hearing. Applicant in his MOL Page 19 citing Lucero v. State, 246 S.W.3d 86, 94 (Tex.Cr.App. 2008) which established by and through opinions of the courts why counsel was ineffective for not filing said affidavit. This court has expected Hennesay to admit her own ineffectiveness in a notarized affidavit. The courts have recognized this very same problem and now appoints a different counsel to represent indigent defendants on appeal. See Alston v. Garrison, 720 F.2d 812,816 (4th Cir. 1983).. The bottom line is counsel did not file a affidavit along with her motion for new trial and the motion for new trial was denied in a large part because counsel did not file said affidavit. Counsel has simply side step the order of the court.

Next counsel was ordered to explain her failure to bring forth issues specifically requested by Applicant as grounds for motion for new trial; that trial counsel was ineffective for not allowing Applicant view videos pretrial and that the leather jacket would not fit Applicant. As counsel stated in her affidavit she reviewed her file, when she did so she reviewed the letter Applicant sent her dated 12-28-12 (this letter is now Ex. J attached to the copy of Applicant's MOL that counsel has) even though this letter is date after the

motion for new trial was filed the now quoted portions are a mirror image of the previously letters Applicant wrote to counsel but she has refused and failed to provide Applicant a copy or his original copy as is required by the Texas Gov.Code Book 3A State Bar Rule "Rules of Professional Conduct Rule 1.15(7)(d). A copy of this letter is now attached as Ex. A. The relevant portion of this letter states: "The two main issues I need introduced through the motion for new trial, to preserve for the written appellate record, are: The fact I was never allowed to review the video period. The only time I've seen any portion of it was during trial. And then only the re-dacted version. If I could've reviewed the DVD prior to trial I may have excepted the 5 yr plea offer how could I make an informed decision without personally seeing the discovery & DVD." Had counsel filed the required affidavit along with the required notice of setting according to local rules, setting forth these allegations in the motion for new trial Applicant would have been granted a hearing on his motion for new trial. Lucero v. State, supra at 94. This would have allowed applicant to have trial counsel present in the courtroom and on the witness stand explaining why he did not allow Applicant to review the video in the face of the four letters requesting to do so prior to trial. These letters are now a part of the HOL as Ex.'s B1-4, a copy of these letters written to trial counsel Gray repeatedly requesting to review the DVD before trial are in Hennessy's that she has now swon she reviewed prior to making the affidavit. Had Hennessy competently filed the motion for new trial as requested by Applicant this would have allowed Applicant the chance to develop a written record how he was harmed by the lack of viewing this video and how the out come of trial would have been different. This would have provided the Applicant and the appeals courts the necessary record to prove both prongs of Strickland v. Washington, 104 S.Crt. 205 (1984). Counsel's lack of affidavit and failure and refusal to bring

4

forth the issues Applicant requested has not been addressed by Counsel in her court ordered affidavit. This once again only spot lights the deficiency of this paper hearing. For these reasons Applicant once again request a live evidentiary hearing to develop the following facts regarding Hennessy's ineffective performance on appeal. These facts and documentation verifies Hennessay's affidavit is inaccurate and contain fraud by material omissions. This once again spotlights the need for a live evidentiary hearing to fully develop the factual bases of the allegations within Applicant's 11.07.

Applicant is once again seeking this Honorable Court to grant him a live evidentiary hearing to exercise his due process right to further develop factual basis of his claims pertaining to his claims of ineffective assistance of counsel on appeal that are presently outside the record that will entitled him to relief. The U.S. Supreme Court, the Honorable Fifth Circuit and the Texas Court of Criminal Appeals guarantees Applicant this right to develop these facts during a habeas proceeding. Townsend v. Sain, 83 S.Ct. 745, 756 (1963); Streetman v. Lynaugh, 812 F.2d 950,956 (5th Cir. 1987); Ex Parte Bevna, 701 S.W.2d 921 (Tex.Crim. App. 1986).

Applicant specifically request to be given the opportunity to further develop the following factual basis with the following facts to support the below instances of ineffective assistance of counsel on appeal.

1). Why she did not raise the issues applicant requested her to so raise in his numerous letters he wrote her. Which are more clearly set out in Applicant's MOL.

2). Why she did not attach a supporting affidavit to her motion for new trial like the law requires but not limited to Texas Rules of Appellate Procedure Rule 10.2.

3). Why she failed to file notice setting for new trial in accordance to local rules? As further set out in Vol. 1 of the Clerk's record P. 70.

4). Why she failed to pursue the issue on appeal regarding the missing jury note even thought she explicitly requested it in her motion for written designation specifying matter for inclusion in the Clerk's Record. This motion was filed on 2-12-13 and is now included in the habeas record, Vol. 1 of 1 Clerk's Record P. 78 #4 communication with the jury?

5). Why counsel did not raise as a ground that the record was incomplete because of the missing jury note. This is a mandatory requirement Tex.C.C.Proc. 36.27. This is issue No. 1 in the MOL Pp 1-3.

6). Why counsel did not raise as a issue that applicant was denied his 6th amendment right to cross-examine officer Ficke and the CI. As now raised in the MOL Pp. 3-5.

7). Why counsel did not raise issues 3-4 now raised in the MOL Pp 5-8.

8). Why counsel did not raise issues 5-11 now listed in detail in the MOL Pp. 8-23.

9). Why counsel did not raise as a ground that trial counsel was ineffective for not objecting to the D.A.'s misstatments of law. The first was dealing with Applicant's Fifth Amendment right to not testify including the right to not incriminate others. Vol. 3 P. 85 L.7-9. The second that the proof does not have to be beyond a reasonable doubt. Vol. 4 P. 165 L. 14-15. These issues are further set out in the MOL Pp. 37-38.

10). Why counsel did not adequately brief issue No. 16 as now briefed. MOL Pp. 44-48.

The present record is VOID of the factual basis of these claims, because Hennessy has not stated why she did or did not due the aforementioned things. As such the record is as bare as mother hubbared cupboard. Therefore, the present factual record in the habeas proceeding verifies that Applicant has been denied the very intent of the framers of the U.S. Constitution had when setting the

6

functions the "Great Writ" would provide in the American justice system the renowned greatest justice in the world.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this motion will be granted, ordering the affidavit of Hennessy stricken from the record because it contains fraud and order a live evidentiary hearing and grant Applicant any other or additional relief he is justly entitled to, it is so prayed.

Respectfully submitted,

Dave D. Greer #1829754
Wayne Scott Unit
Retrieve Rd.
Angleton, Texas 77515

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of this document has been sent to all parties in this cause that have been served by addressing a copy to: attorney Mary Hennessy P.O. Box 2536, Breham, Texas 77834, District Attorney, Mr. Jarvis Parsons, 300 E. 26th Street, Suite 310, Bryan, Texas 77803; The Brazos District Clerk, Marc Hamlin, 300 E. 26th St., Suite 1200, Bryan, Texas 77803, the District Clerk of the Court of Criminal Appeals; Abel Acosta, Supreme Court Bldg. 201 W. 14th St. Rm 106, Austin, Texas 78701-1445, by placing a copy of the same in the U.S. Mail postage prepaid on this _____29th_____ day of _October_ _____, 2015.

Dave D. Greer

7

Atty. Mary Hennessy
PO Box 2536
Brenham Tx
                77834

Greer, Dave D 1829754
Wayne Scott Unit
6999 Retrieve Rd
Angelton Tx
                77515

420-15

Ms. Hennessy,

Persuant to Tx. Gov. Code Book 3. A. State Bar
Rules "Rules of Professional Conduct Rule 1.15(?)(d)"
Would You Please Make Me A Copy of Everything
You Have In My File And Send It To Me, At:

Greer, Dave D. #1829754

Wayne Scott Unit

6999 Retrieve Rd.

Angelton Tx 77515

Thank You For Your Time

Sincerely

Ex. A